**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No: 1:18-cv-20304-UU**

BARBARA GALLO,

     Plaintiff,

     v.

NCL (BAHAMAS) LTD
d/b/a NORWEGIAN CRUISE LINE
A foreign Corporation

     Defendant

_____/

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, BARBARA GALLO, by and through the undersigned counsel, and hereby sues the Defendant NCL (BAHAMAS) LTD, and in support avers as follows:

### THE PARTIES AND JURISDICTION

1.     This is an action seeking damages in excess of $75, 000 exclusive of interest, costs and attorney's fees.

2.     Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § l332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3.     The Plaintiff, BARBARA GALLO, is a resident of Florida.

**LAW OFFICE OF HOFFMAN & HOFFMAN, P.A.**
66 W Flagler St, Suite 200, Miami, Florida 33130 ~ Telephone: 305.372.2877 Fax: 305.372.2875

1

4.      The Defendant, NCL (BAHAMAS) LTD (Norwegian) is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

5.      The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a.  Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b.  Had an office or agency in this state and/or county; and/or

    c.  Engaged in substantial activity within this state; and/or

    d.  Committed one or more of the acts stated in Florida Statutes, Sections 48.081,48.181 or 48.193;

6.      All conditions precedent for filing and maintaining this action have been fulfilled.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7.      **DATE OF INCIDENT.** This incident occurred on or about August 3, 2017.

8.      **LOCATION OF INCIDENT.** This incident occurred on the vessel *Norwegian Escape,* a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by general maritime law. Plaintiff, BARBARA GALLO slipped upon entering the Garden Café located on Deck 16, before reaching the sliding glass doors of the entrance and approximately 30 feet away from the entrance.

9.      **STATUS OF PLAINTIFF AS OF DATE AND TIME OF ACCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the

**LAW OFFICE OF HOFFMAN & HOFFMAN, P.A.**
66 W Flagler St, Suite 200, Miami, Florida 33130 ~ Telephone: 305.372.2877 Fax: 305.372.2875

2

Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

10.     **DESCRIPTION OF THE ACCIDENT.** The Defendant cruise lines, Norwegian, owns and operates the cruise ship, *Norwegian Escape.* While at sea on her way to eat breakfast at the Garden Café with her husband and son Plaintiff, BARBARA GALLO, slipped on wooden deck floor of Deck 16 and fell on her left knee.   As a result of Plaintiff's incident she has sustained permanent injury to her left knee.

**COUNT I**
**NEGLIGENCE**

11.     The Plaintiff, BARBARA GALLO, hereby adopts and realleges each and every allegation in paragraphs 1 through 10 above.

12.     **DUTIES OWED BY THE DEFENDANT.** The Defendant owed a duty to exercise reasonable care for the safety of its passengers including the Plaintiff herein. The Defendant also owed a duty to exercise reasonable care under the circumstances. The Defendant owes a duty to warn passengers lawfully onboard of dangers known to the carrier in places where the passenger is invited to, may reasonably be expected to visit or of conditions that may result in injuries to passengers. The Defendant breached those duties and was negligent by:

a.   Failing to properly maintain the walking surfaces on Deck 16 of the vessel in a reasonably safe condition, and/or;

b.   Failing to warn the Plaintiff of the potential to slip on the surface Deck 16, and/or;

c.   Failing to properly and safely inspect all surfaces found aboard the vessel before allowing passengers and Plaintiff to use it, and/or;

d.   Failing to have a reasonably proper surface where the Plaintiff tripped, slipped, and fell and/or;

**LAW OFFICE OF HOFFMAN & HOFFMAN, P.A.**
66 W Flagler St, Suite 200, Miami, Florida 33130 ~ Telephone: 305.372.2877 Fax: 305.372.2875

3

e.  Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or remain on the surfaces where traffic is reasonably expected to occur by passengers which was foreseeable to be the cause of accidents like this one.

13.   The Defendant created a dangerous condition on the subject ship and/or allowed the dangerous condition to exist thereby causing an accident on the date referenced above in which the Plaintiff was severely injured.

14.   The Defendant either: (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

15.   The Defendant had constructive knowledge of the dangerous condition by, inter alia: (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

16.   In the alternative, notice to the Defendant is not required because the Defendant: (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

17.   The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

18.   The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

19.     As a result of the Defendant's negligence, the Plaintiff has suffered bodily injury resulting in economic and non-economic damages including but not limited to loss of earnings, loss of ability to earn money, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

**WHEREFORE,** the Plaintiff demands Judgment against the Defendant for economic and non- economic damages suffered as a result of Plaintiff s bodily injury including but not limited to loss of earnings, loss of ability to earn money, medical expenses including but not limited to the expense of physicians, hospitalization, medical and nursing care and treatment, surgical procedures, and physical therapy, pain, suffering, disability, physical impairment, loss of important bodily functions, scarring, disfigurement, mental anguish, and loss of capacity for the enjoyment of life which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, all interest, and any and all other damages which the Court deems just or appropriate.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury on all issues triable as of right by jury.

Respectfully submitted on January 30, 2018.

**LAW OFFICES OF HOFFMAN & HOFFMAN, P.A.**
848 Brickell Avenue, Suite 810, Miami, Florida 33131
Telephone: 305.372.2877 / Facsimile: 305.372.2875
EService E-mail: eservice@hoffmanpa.com

By:     <u>s/ John D. Hoffman, Esq.</u>
John D. Hoffman, Esq.
*Board Certified Civil Trial Lawyer*
Florida Bar No. 825859 / E-mail: john@hoffmanpa.com